HUDDLESTON v. COMMERCE
ACCEPTANCE CO., Inc.

No. 33573. Jan. 24, 1950.
Rehearing Denied Feb. 21, 1950.

*214 P. 2d 905.*

H. F. Fulling, of Tulsa, for plaintiff in error.

Bradford J. Williams, Fenelon Boesche, Richard B. McDermott, and Thomas H. Trower, all of Tulsa, for defendant in error.

ARNOLD, V.C.J. This is an action in replevin brought by Commerce Acceptance Company, Inc., a corporation, against Cornelia R. Huddleston for possession of three automobiles described as: one 1946 four-door Plymouth Sedan, one 1940 Oldsmobile four-door Touring Sedan, and one 1941 Ford four-door Deluxe Sedan. Judgment for plaintiff for possession of the property or its value fixed at $1,750, and defendant appeals.

On September 3, 1946, defendant, Huddleston, executed a note and mortgage to the Cross Motor Company of Tulsa to cover an indebtedness of $2,703.12, said mortgage covering the three automobiles above described, the note to be paid in installments of $225.26 monthly, beginning October 3, 1946. Cross Motor Company immediately assigned and transferred said note and mortgage to Commerce Acceptance Company, and on March 29, 1947, that company commenced the instant action alleging breach of conditions contained in said chattel mortgage in that the installments of said indebtedness due and payable February 3 and March 3, 1947, respectively, were defaulted and alleging other conditions of the mortgage breached.

The only contention made by defendant for reversal of the judgment of the trial court is the insufficiency of the evidence to sustain the judgment.

Cornelia R. Huddleston was the operator of a line of taxicabs in the city of Tulsa transporting negro patrons. She became indebted to various banks and loan companies in Tulsa and Tulsa county and her creditors became so insistent upon payment that she decided to sell the Ford automobile covered by the mortgage and found a prospective purchaser named Percy H. Carter who agreed to pay $1,550 for the car. They went to the office of Commerce Acceptance Company and there a deal was worked out by which Carter was to pay the Commerce Acceptance Company $960 in cash and execute his note secured by mortgage for $600, and from the proceeds of the cash payment by Carter, Commerce Acceptance Company was to procure release of a second mortgage which Huddleston had executed to Interstate Loan Company. Carter's note and mortgage was prepared and he executed the same and took it with him to his home to have his wife sign, after which he returned to the office of the company. One of the officers of the company named Linsley executed a receipt for the $1,550 represented by the cash payment and the note and mortgage of Carter and delivered the same to Huddlestson as a credit on her indebtedness under her note and mortgage. This transaction occurred on Saturday the 14th day of December, 1946, and on Monday, December 16th, Carter called the company by telephone and advised that he was stopping payment on his check for the reason that a check of the chattel mortgage records disclosed that Huddleston had given a third mortgage on the Ford automobile and he was calling the deal off. Subsequent to the 16th day of December, 1946, Huddleston made two monthly payments of $225.26 to the Commerce Acceptance Company which payments were duly credited on her note.

Her defense of payment in this case was based upon the receipt issued by Linsley showing payment of $1,550 to be applied on her indebtedness and on her indebtedness to the Interstate Loan Company.

The trial court was not impressed by the testimony of Huddleston and one of her taxicab drivers to the effect that in addition to the Carter transaction she actually paid to Commerce Acceptance Company on December 14th, $1,550 in cash which she took to their office in her purse. The character of the transaction represented by Linsley's receipt for $1,550 is disclosed in detail by the testimony of Linsley, one Harrington and by Percy B. Carter, all of whom deny any cash payment by Huddleston on that occasion. It is not explained in defendant's testimony why, in view of her pressing financial difficulty with other creditors, she made the

two subsequent monthly payments if the $1,550 cash payment was made by her on December 14th as she claims. The trial court among others made this finding in his written findings of fact:

"The defendant did not pay to the plaintiff the sum of $1,550 in cash upon December 14, 1946, as claimed by the defendant and is not entitled to credit for such sum in the accounts of the parties."

We think this finding by the court is amply sustained by the evidence.

Judgment affirmed.